BENJAMIN F. MORRILL vs. ROBERT GOODENOW.

Franklin, 1875.—March 13, 1876.

*Trover.   Promissory notes.*

Trover will not lie for a note given for an illegal consideration.

A note given for no other purpose than to aid in the suppression of a criminal prosecution is given for an illegal consideration.

The defense of illegality is not avoided by putting a seal on the note. Sealed instruments are open to this defense as well as instruments not under seal.

When it appears from the plaintiff's own showing, that the note declared on was given for an illegal purpose, as, for instance, to aid in the suppression of a criminal prosecution, the court may properly order a nonsuit.

ON EXCEPTIONS.

TROVER.

*S. C. Belcher*, for the plaintiff.

*H. L. Whitcomb*, for the defendant.

WALTON, J. This is an action of trover for the alleged conversion of a promissory note. The case is substantially this:

The plaintiff and one Dyer, (the latter a physician,) were indicted for procuring an abortion by the use of violence upon the person of the plaintiff's wife. The full court had decided that she would be a competent witness at the trial notwithstanding she was the wife of one of the parties indicted. *State* v. *Dyer*, 59 Maine, 303. She was undoubtedly an important witness, perhaps the only one by which the indictment could be sustained. She had filed a libel for divorce against her husband, in which she claimed alimony. It was presumed, says the principal witness for the plaintiff, that if she could be satisfied by money, she would not be anxious to prosecute the indictment. And he further says that her attorney agreed to urge her to stop the prosecution of the indictment, if the alimony claimed was paid. The amount was more than the husband was willing to pay. Thereupon Dyer agreed to pay $500 of the amount, and made his note for that sum running to the plaintiff, and put it into the hands of the plaintiff's attorney. The note, says the plaintiff's witness, was to be paid when the indictment should be *nol prossed*. The attorney

declined to deliver the note to his client, for the reason, as he avers in his defense, that the conditions upon which it was to be delivered had not been performed, and the maker forbid his delivering it.    This action is by the client against his attorney for the non-delivery of the note.

The presiding judge directed a nonsuit.    The court is of opinion that the nonsuit was properly ordered.

I. That no action can be maintained upon a promissory note founded on an illegal consideration, is a rule of law too well settled to require the citation of authorities in support of it.

II. Nor will an action of trover lie for the conversion of such a note.    The defense of illegality is founded upon considerations of public policy, and will prevail, whatever the form of the action may be.    The illegality renders the note void and of no value for any purpose.

III. Nor can the defense of an illegal consideration be avoided by putting a seal upon the note, as was attempted in this case.    A seal will in general avoid the defense of want or failure of consideration, but not a defense founded on the illegality of the consideration.    This was the precise point settled in *Collins* v. *Blantern*, 2 Wilson, 341.    1 Smith's Leading Cases, 154.

IV. And when, as in this case, the illegality is apparent upon the plaintiff's own showing, a nonsuit may properly be ordered.

V. It is plain that the note, for the alleged conversion of which this suit is sought to be maintained, was founded on an illegal consideration.    It was given to aid in suppressing a criminal prosecution.    So far as we can discover this must have been the only motive which operated upon the mind of the maker.    The note was to be paid, says the plaintiff's witness, when the indictment was *nol prossed*.    It was given for money to be paid to the principal government witness to induce her not to prosecute.    Such a purpose was illegal and rendered the note void.    *Shaw* v. *Reed*, 30 Maine, 105.                            *Exceptions overruled.*
                                              *Nonsuit confirmed.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.